UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN COLLEEN CARROLL,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No.  1:23-cv-00158-TLN-CKD

ORDER

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $11,100.00 for representation of plaintiff before this court.  (ECF No. 20.)  Counsel concedes that this amount should be offset in the amount of $7,200.00 for fees previously awarded under EAJA.  (See ECF No. 19.)  Defendant has filed a response.  (ECF No. 22.)

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of

1

the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.

Counsel seeks fees for 29.4 hours represented on his time log for this matter.  The gross amount of fees that plaintiff's counsel seeks is below the 25 percent statutory cap, and defendant does not object to the request.  (See ECF Nos. 20-1, 20-4 & 22.)  The Court has considered the character of counsel's representation and the good results achieved by counsel, which include an award of approximately $81,000.00 in benefits after plaintiff prevailed on her motion for summary judgment and the case was remanded for further proceedings.  Counsel submitted a detailed billing statement that supports his request.  There is no indication that a reduction of the award is warranted due to any substandard performance by plaintiff's counsel, as counsel secured a successful result.  There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in delay.

Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned will award the amount of attorney fees requested.

////

////

////

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for attorney's fees (ECF No. 20) is GRANTED;

2. Plaintiff's counsel is awarded $11,100.00 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $7,200.00 previously awarded under EAJA. Plaintiff's counsel shall refund plaintiff the offset amount.

Dated: May 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/carr0158.fee-406(a)

3